# Wheeling.

PERRY MORAN vs. GEORGE SMELL.

July Term, 1871.

S., a loyal man, had a horse captured by the rebel forces. A commandant of the
Federal forces ordered a horse to be taken from M. and given to S. M. brings
suit to recover the value of the horse. HELD:

That the taking is in violation of Arts. IV and V of the Constitution of the United
States, and Arts. II and III of this State. And that it is not protected by any
Act of Congress or of the Legislature of this State.

Action of trover and conversion from Taylor county. Suit
brought to March rules, 1866.

The following facts were agreed, a jury being waived, and
the case being heard and determined by the court:

"It is agreed that on the 5th of June, 1864, a party of Con-
federate soldiers came into the county of Taylor, in West
Virginia, and took horses from divers citizens of said county,
and among others took from the defendant Smell, within
three miles of the town of Grafton, in said county, which
was then and there a United States military post in the de-
partment of West Virginia, and that shortly after the said
horses were so taken, and about the 28th of June, 1864, Cap-
tain George Kenney, then and there a captain in the military
service of the United States, and commander of the military
post at Grafton, ordered that an equal number of horses be
seized from citizens of said county who sympathized with the
rebellion then in existence, in the neighborhood of where
said horses were taken by said Confederate soldiers, and to be
brought to said Grafton, which was then and there done by
the United States military, under and by virtue of said or-
der, and that among others the black mare described in the
declaration of this cause, of the value of one hundred and

thirty dollars, and the property of the plaintiff, was taken from him, the plaintiff, in said county, by the said military and under said order, and by them taken to said Grafton, and that said Captain Kenney, at said Grafton, afterwards and on or about the 28th day of June, 1864, and while he was so captain and commandant of said post, in the service aforesaid, appointed a committee of civilians to divide out the horses so last taken, to the persons from whose possession the said Confederate soldiers had so taken the horses aforesaid, to reimburse them, which division was then and there made in pursuance of said last named order, and that in such distribution the black mare aforesaid, the property of the plaintiff, was delivered over to the defendant then and there in pursuance of said last named order by said Captain Kenney, as and for his property, who has since and before the institution of this suit, converted her to his own use. It is also agreed that the said Captain Kenney, in his order aforesaid, was acting by and under the verbal order of his superior officer, John H. Showalter, then and there a major in the said United States service, who was then and there commanding a regiment of United States soldiers, embracing said military post in said department of West Virginia, and that the said Captain Kenney, in making said order of seizure, designated the citizens of said Taylor county, from whom said horses should be taken, and among others he designated the plaintiff as one. And it is also agreed that the plaintiff voted for the ordinance of secession at the election held thereon in the said county of Taylor, on the 4th Thursday of May, 1861. It is also agreed that when said black mare was so delivered to said defendant, at said Grafton, on or about said 28th of June, 1864, as aforesaid, in pursuance of the orders aforesaid, and and for the purpose of reimbursement aforesaid, the defendant received her from Captain Kenney as his property, and converted her to his own use, and used and claimed said mare as his always afterwards. It is also agreed that the defendant offers and relies on in his defence an act of the Congress of the United States, entitled "An act relating to *habeas corpus* and regulating judicial proceedings in certain cases, approved March 3d, 1863;" also an act of said Congress, entitled "An act to amend an act, entitled an act relating to

*habeas corpus* and regulating judicial proceedings in certain, cases, approved March 11th, 1866," also an act of said Congress, entitled "An act to declare valid and conclusive certain proclamations of the President, and acts done in pursuance thereof, or of his orders, in the suppression of the late rebellion against the United States, approved March 2d, 1867;" also an act of the Legislature of West Virginia, entitled "An act for the relief of home guards, passed February 27th, 1866;" also an act of said West Virginia Legislature, entitled "An act to amend and re-enact chapter 97 of the acts of 1866, passed March 4th, 1868," but the plaintiff protests against their constitutionality or applicability to this case. It is also agreed by the parties to submit the decision of this cause upon the facts above agreed to the court in lieu of a jury. And it is further agreed that the court, in acting and deciding upon the facts as agreed, may draw such inferences from the facts so agreed as a jury might draw therefrom. And it is further agreed that the court may give judgment upon the facts so agreed according to law."

The court gave judgment for the defendant at the June term, 1866.

The plaintiff brought the case here on a writ of error and supersedeas.

*Boggess*, for the plaintiff in error.
*Brown* and *Haymond*, for the defendant in error.

MOORE, J. The judgment in this case, upon the facts agreed, is clearly in conflict with, and in violation of, articles IV and V of the constitution of the United States, and articles II and III, constitution of West Virginia. The case does not come within, and is not protected by, the acts of Congress and the acts passed by the Legislature of West Virginia, as set out in the agreement of facts. Those acts neither authorize nor excuse such violations of said constitution. I am therefore of the opinion that the judgment of the circuit court is in error, as against the organic law, and should be reversed, and that judgment should be given here such as the agreed facts would have justified the circuit court in giving. Judgment should be for the plaintiff, and the

amount in controversy being three hundred dollars, but the facts showing that the said mare was of the value of one hundred and thirty dollars at the time of conversion, which was June 28, 1864, and the judgment being rendered the 26th of June, 1869, this judgment should be for the aggregate of principal, one hundred and thirty dollars, and interest at six per cent. thereon from the time of said conversion, June 28th, 1864, until June 26th, 1869, and interest on said aggregate from June 26th, 1869, until paid, with costs in both courts.

The other judges concurred.

JUDGMENT REVERSED.